# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| TINA WAYMIRE ) | CASE NO. |
| 6885 South County Road, 25A ) | |
| Tipp City, Ohio 45371 ) | JUDGE |
| ) | |
|     Plaintiff, ) | MAGISTRATE JUDGE |
| ) | |
| vs. ) | |
| ) | |
| MIAMI COUNTY SHERIFF'S OFFICE ) | **COMPLAINT WITH JURY DEMAND** |
| c/o John F. Evans ) | |
| c/o Richard L. Cultice ) | |
| c/o John W. O'Brien ) | |
| 201 West Main Street ) | |
| Troy, Ohio  45373, ) | |
| ) | |
|     Defendant. | |

## PARTIES AND JURISDICTION

1. This action is brought by Plaintiff Tina Waymire ("Plaintiff") to recover overtime wages earned by her and owed to her by her employer, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Plaintiff is a United States citizen and resides in Miami County, Ohio.

3. At all relevant times, Plaintiff was employed by Defendant as a Sheriff Deputy at its Sheriff's Office in Troy, Ohio.  At all relevant times, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e)(2)(C), and was engaged in commerce within the meaning of 29 U.S.C. §§ 206-207.

4. Defendant Miami County ("the County") is a civil county organized under the laws of Ohio.  The County is an employer within the meaning of Section 3(d)

and 3(x) of the FLSA, 29 U.S.C. § 203(d); 29 U.S.C. § 203(x); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

5. Plaintiff was an employee of the County, and the County was Plaintiff's employer.

6. The County performed more than $500,000 of business per year during the years 2015, 2014, 2013, and 2012.

7. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Venue is proper in the Southern District of Ohio under 28 U.S.C. § 1391 because all or part of the events giving rise to Plaintiff's claims occurred here.

## FACTUAL BACKGROUND

8. Plaintiff re-alleges all prior paragraphs and incorporates them here by reference.

9. Upon information and belief, the County's Sheriff's Office employs fifty Sheriff Deputies, five Sergeants, five Lieutenants, one Major, One Chief Deputy, and one Sheriff. During relevant periods, Plaintiff was assigned to the K-9 unit where she was responsible for a police dog. Police dogs in the K-9 unit are referred to as "K-9 Officers."

10. Plaintiff began her employment with the Miami County Sheriff's Office on August 1, 1985.

11. Plaintiff was charged with caring for K-9 Officer Nero.

12. Plaintiff was responsible for K-9 Officer Nero from 2004 until April 2014. Throughout that period, the County required Plaintiff to care for K-9 Officer Nero and house him in her home. Plaintiff cared for K-9 Officer Nero seven days per week, 365 days per year. Such care included, but was not limited to pre-shift, post-shift, and off-duty daily routines. Plaintiff's care of K-9 Officer Nero continued on a regular and recurring basis until April 21, 2014.

### *Pre-Shift, Post-Shift, and Off-Duty Work*

13. The pre-shift routine included work consisting of feeding, watering, breaking, exercising, training, grooming, and general care.

14. The post-shift routine included work consisting of feeding, watering, waiting to avoid stomach torsion, breaking, exercising, training, grooming, and general care.

15. The off-duty routine included work consisting of feeding, watering, breaking, grooming, training, exercising, bathing, and general care.

16. The performance of the duties listed in paragraphs 12-15 above were required by the County in order to ensure that the K-9 Officer was nourished and in good health, and ready and available for active service at a moments notice.

17. The performance of the duties listed in paragraphs 12-15 above were necessarily and primarily for the benefit of the County and its law enforcement efforts.

18. The performance of the duties listed in paragraphs 12-15 above were an integral and indispensable part of Plaintiff's job in the K-9 unit.

19. While employed in the K-9 unit, Plaintiff worked in excess of forty hours in one workweek on a regular and recurring basis.

20. Plaintiff was not paid overtime for the care of the K-9 Officer during her employment with the County, in the manner and methods provided in, and subject to, the exemptions in 29 U.S.C. §§ 207 and 213, as required under the FLSA.

21. The County failed to make, keep, and preserve records of the hours worked by Plaintiff.

22. As a result of the County's record-keeping practices, the work performed by Plaintiff is unrecorded in the County's time and earnings records.

23. The County knowingly and wilfully failed to pay Plaintiff overtime wages during her employment.

## COUNT ONE
### (Violation of the Fair Labor Standards Act)

24. Plaintiff re-alleges all prior paragraphs and incorporates them here by reference.

25. The County's practice and policy of not paying Plaintiff overtime compensation for the care of the K-9 Officer at a rate of one and one-half times her regular rate of pay for the hours she worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

26. The County's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 C.F.R. 516.2(a)(7).

27. By engaging in the above-mentioned activities, the County willfully, knowingly and/or recklessly violated the provisions of the FLSA.

28. As a result of the County's practices and policies, Plaintiff has been damaged in that she has not received wages due her pursuant to the FLSA.

29. Because the County violated the provisions of the FLSA as set forth above, the County is liable to Plaintiff for overtime pay at the rate of one and one half times her hourly rate for each hour worked in excess of forty hours per workweek for the three-year period immediately preceding the filing of this lawsuit, liquidated damages, attorney fees, and costs of suit.

## **CONCLUSION**

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages in an amount which will fully, fairly, and justly compensate her for her damage and loss, for liquidated damages, pre- and post-judgment interest at the statutory rate, for attorneys' fees, expenses and costs of suit, and for such other relief as the Court deems just.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

**COHEN ROSENTHAL & KRAMER LLP**


/s/ Jason R. Bristol
JASON R. BRISTOL (0072989)
JOSHUA B. FUCHS (0087066)
The Hoyt Block Building – Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
(216) 781-7956 (Telephone)
(216) 781-8061 (Facsimile)
jbristol@crklaw.com
jfuchs@crklaw.com


**JASON P. MATTHEWS, LLC**


/s/ Jason P. Matthews
JASON P. MATTHEWS (00073144)
130 West Second Street, Suite 924
Dayton, OH 45402
Phone: 937.608.4368
Fax: 1.888.577.3589
jason@daytonemploymentlawyers.com

*Attorneys for Plaintiff Tina Waymire*