UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TINA WAYMIRE,

    Plaintiff,                                         Case No. 3:15-cv-159

vs.

MIAMI COUNTY SHERIFF'S OFFICE,         Magistrate Judge Michael J. Newman
                                                                   (Consent Case)

    Defendant.

**ORDER AND ENTRY: (1) DENYING PLAINTIFF' S MOTION TO AMEND THE CAPTION OF THE COMPLAINT (DOC. 21); AND (2) DENYING DEFENDANT'S MOTION TO DISMISS (DOC. 24)**

This civil case is before the Court on Plaintiff's motion to amend the case caption. Doc. 21. Defendant did not file a memorandum in opposition to Plaintiff's motion and, instead, filed a motion to dismiss the complaint under Fed. R. Civ. P. (b)(1) and (6). Doc. 24.

Plaintiff seeks to amend the caption of her complaint -- in which she alleges claims under the Fair Labor Standards Act ("FLSA") -- to name Miami County, Ohio as the Defendant in this case, as opposed to the Miami County, Ohio Sheriff's Office. Doc. 21 at PageID 59. Courts have held that, in Ohio, "a sheriff's department is not a legal entity capable of being sued" for FLSA claims. *Campbell v. Kelly*, No. 3:09-CV-435, 2011 WL 3862019, at *3 (S.D. Ohio Aug. 31, 2011). Courts considering the issue have also concluded that Ohio counties are not *sui juris* for purposes of claims under the Fair Labor Standards Act ("FLSA"). *See Yunger v. Hamilton Cty.*, Ohio, No. 1:12-CV-00251, 2012 WL 6725590, at *1 (S.D. Ohio Dec. 27, 2012) (holding that "the County itself is not a legal entity capable of being sued, it is not *sui juris*").

Based upon the foregoing, it appears neither Miami County nor the Miami County Sheriff's Office are entities capable of being sued. As a result, Plaintiff's motion must be denied as futile. Nevertheless, the Court would be inclined to entertain a subsequent motion to amend the pleadings to name the proper party as the Defendant, if such motion was required -- which the undersigned finds it is not.

As noted by the Sixth Circuit, the lack of capacity to be sued is a defense under Fed. R. Civ. P. 9 that can be forfeited if not timely "raised and disposed of at the outset of the suit." *Tri-Med Fin. Co. v. Nat'l Century Fin. Enters., Inc.*, Nos. 98-3617, 99-3062, 2000 WL 282445, at *4-5 (6th Cir. Mar. 6, 2000) (citing 5 Wright & Miller, Federal Practice and Procedure § 1295 at 574 (2d ed. 1990)); *see also Hendricks v. Office of Clermont Cty. Sheriff*, 326 F. App'x 347, 350 (6th Cir. 2009). Here, Defendant properly raised the defense in the answer, *see* doc. 4 at PageID 14, but failed to assert it as part of a motion until, essentially, the eve of the discovery deadline.

As held by the Sixth Circuit, "asserting a . . . defense in an answer 'do[es] not preserve the defense in perpetuity.'" *King v. Taylor*, 694 F.3d 650, 658 (6th Cir. 2012); *see also Beyoglides v. Montgomery Cty. Sheriff*, No. 3:14-CV-158, 2016 WL 67917, at *3 (S.D. Ohio Jan. 6, 2016). Instead, "[a] defendant is 'required at some point to raise the issue by motion for the court's determination[,]'" and "[w]aiting too long to do so can forfeit the defense." *Id.*[1]

Here, the parties agreed upon a deadline for filing motions on the pleadings, *see* doc. 6 at PageID 24, and that agreed-upon deadline expired on October 1, 2015, *i.e.*, almost eight months before the filing of Defendant's motion to dismiss.[2] *See* doc. 8 at PageID 30. The Court here

---

[1] The Court notes that, in the Sixth Circuit, lack of capacity is viewed as an affirmative defense rather than a jurisdictional issue. *See Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 478 n.2 (6th Cir. 2014) (citing *Brown v. Keller*, 274 F.2d 779, 780 (6th Cir. 1960)).

[2] Plaintiff implicitly asserts that Defendant waived any argument concerning the capacity to be sued by not "moving for dismissal within the time limits prescribed by Fed. R. Civ. P. 12." Doc. 21-1 at PageID 62-63.

concludes that Defendant has waited too long to raise the issue by motion and, therefore, has forfeited the defense.  *Cf. Beyoglides*, 2016 WL 67917, at *3-4.  As a result, the case should proceed as currently captioned.

Based on all of the foregoing, the Court **DENIES** Plaintiff's motion to amend (doc. 21) and Defendant's motion to dismiss (doc. 24).

**IT IS SO ORDERED.**

Date:   June 22, 2016                             *s/ Michael J. Newman*
                                                  Michael J. Newman
                                                  United States Magistrate Judge