UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TINA WAYMIRE,

    Plaintiff,

vs.

MIAMI COUNTY SHERIFF'S OFFICE,

    Defendant.

Case No. 3:15-cv-159

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION, ORDER, AND ENTRY: (1) DENYING PLAINTIFF'S SECOND MOTION TO AMEND AND/OR CORRECT THE CASE CAPTION (DOC. 53); (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE (DOC. 54); (3) GRANTING IN LIMITED PART AND OTHERWISE DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE DEPOSITION OF SHERIFF COX (DOC. 56); AND (4) DENYING DEFENDANT'S MOTION IN LIMINE REGARDING EVIDENCE OF PLAINTIFF'S ENTITLEMENT TO OVERTIME BASED UPON A 40 HOUR WORK WEEK (DOC. 57);**

---

This civil case is before the Court on a number of pretrial motions, namely: (1) Plaintiff's second motion for leave to amend the case caption (doc. 53); (2) Plaintiff's motion *in limine* (doc. 54) seeking to exclude evidence of employment discipline, Plaintiff's termination, and subsequent charges and a grievance filed against Defendant alleging discrimination; (3) Defendant's motion *in limine* to exclude the deposition testimony of Sheriff Charles Cox (doc. 56); and (4) Defendant's motion *in limine* to exclude evidence and argument regarding Plaintiff's alleged entitlement to overtime compensation for working in excess of 40 hours per week (doc. 57).[1] The parties filed memoranda in opposition. Docs. 62, 63, 64, 65.

During the final pretrial conference held on September 11, 2017, the parties declined the opportunity to have oral argument on these pretrial motions and requested that the Court proceed

---

[1] Defendant has also filed a *motion in limine* to exclude canines from the courtroom. Doc. 67. Because that motion is not yet ripe for decision, that motion will be determined by separate order.

on the parties' written submissions. The Court has carefully considered all of the foregoing, and the parties' pretrial motions are ripe for decision.

### A.     Background

The undersigned, in the decision on summary judgment, previously set forth the nature of the dispute presented in this case. *Waymire v. Miami Cty. Sheriff's Office*, No. 3:15-CV-159, 2017 WL 1163875, at *1 (S.D. Ohio Mar. 29, 2017). Plaintiff served as a member of the Miami County Sheriff's Office K-9 Unit from 1995 until 2014. *Id*. She was charged with caring for, maintaining, and housing K-9 Officer Nero ("Nero") seven days a week starting in 2004. *Id*. Defendant required Plaintiff to ensure that Nero was nourished, in good health and ready and available for service at a moment's notice. *Id*.

Plaintiff initiated this case on May 1, 2015 alleging that Defendant failed to pay her overtime for off-duty care of Nero in violation of the Fair Labor Standards Act ("FLSA"). Doc. 1. Plaintiff claims unpaid overtime from May 1, 2012 through her last day as a K-9 Deputy on April 20, 2014, with the exception of when she was on injury leave with full compensation from September 11, 2013 through January 6, 2014. *Id*.

### B.     Plaintiff's Motion for Leave to Correct the Case Caption

Plaintiff seeks leave to correct the case caption to substitute the Board of County Commissioners of Miami County, Ohio ("County Commissioners") as the party Defendant instead of the current named Defendant, the Miami County Sheriff's Office. Doc. 53. Notably, Plaintiff previously sought leave to amend the case caption to name Miami County, Ohio as the Defendant (doc. 21) instead of the Sheriff's Office, which the Court denied (doc. 28). In denying Plaintiff's previous motion, the undersigned noted that, not only is "a sheriff's department . . . not a legal entity capable of being sued" for FLSA claims, but Ohio counties are also not *sui juris* for purposes of claims under the FLSA. *Waymire v. Miami Cty. Sheriff's Office*, No. 3:15-

CV-159, 2016 WL 6995456, at *1 (S.D. Ohio June 22, 2016) (citations omitted).[2] While the Miami County Sheriff's Office is not *sui juris*, the Court previously held that Defendant's affirmative defense in this regard has been waived. *Id*.

The Court previously concluded that, in light of Defendant's waiver of its affirmative defense in this regard, an amendment to name the proper party was not required. *Waymire*, 2016 WL 6995456, at *1. Plaintiff cites no authority in support of her contention that such amendment is necessary, required, or even proper at this late stage of the litigation. The Court thus **DENIES** Plaintiff's motion.

### C. Plaintiff's Motion *In Limine*

In her motion *in limine*, Plaintiff seeks an Order excluding evidence related to the following: (1) disciplinary actions taken against her by Defendant during her employment; (2) her termination from employment; (3) charges of discrimination she filed with the Ohio Civil Rights Commission ("OCRC") and the Equal Opportunity in Employment Commission ("EEOC") following her termination; (4) the settlement of her EEOC/OCRC charges and a grievance against Defendant; (5) Defendant's payment of Nero's medical expenses after April 20, 2014; and (6) Sheriff Cox's death.

#### 1. Disciplinary Proceedings and Termination

From the briefing of the parties, it appears that, during Plaintiff's employment with Defendant, disciplinary proceedings and an investigation were commenced against Plaintiff because of the way she spoke to a citizen and for revealing unflattering information about Defendant. Doc. 54 at PageID 1574. Based upon such conduct, and because Plaintiff purportedly lied during an investigation regarding such conduct, Plaintiff was ultimately fired by Defendant. *Id*. Following her termination, Plaintiff filed charges of discrimination with the

---

[2] Notably, Plaintiff's failure to name a party that is *sui juris* does not deprive the Court of jurisdiction. *Hendricks v. Office of Clermont Cnty. Sheriff*, 326 F. App'x 347, 350 (6th Cir. 2009).

OCRC and EEOC, as well as a grievance with her union. *Id*. at PageID 1574-75. The parties ultimately settled the discrimination charges and the grievance pursuant to the terms of a confidential settlement agreement. *Id*. at PageID 1575.

Plaintiff argues that evidence of any of the foregoing is irrelevant and, to the extent it is relevant, its probative value is substantially outweighed by unfair prejudice. Doc. 54 at PageID 1574-75. Plaintiff thus argues that evidence concerning the foregoing should be excluded at trial pursuant to Fed. R. Evid. 403. *Id*. In response, Defendant argues that such evidence is admissible under Fed. R. Evid. 608(b) because "Plaintiff's discipline, termination, administrative appeals, and resolution thereof are probative of Plaintiff's truthfulness especially since her estimate of overtime hours worked is central to this case." Doc. 63 at PageID 1820.

Pursuant to Fed. R. Evid. 608(b), absent a criminal conviction arising from Plaintiff's purported dishonesty, Defendant cannot offer "extrinsic evidence . . . to prove specific instances of" Plaintiff's dishonesty for the purpose of attacking her "character for untruthfulness." Fed. R. Evid. 608(b). This prohibition extends to "any reference to the consequences that a witness might have suffered as a result of an alleged bad act[,]" such as any investigation, disciplinary proceeding, or termination resulting therefrom. Fed. R. Evid. 608, Advisory Committee Notes; *see also United States v. Davis*, 183 F.3d 231, 257 n.12 (3d Cir. 1999); *United States v. Whitmore*, 384 F.3d 836, 836 (D.C. Cir. 2004).

Evidence Rule 608(b) does, in the Court's discretion, permit one to inquire of a witness on cross-examination about specific instances of dishonesty. *See Davis*, 183 F.3d at 257; *see also Bauer v. Singh*, No. 3:09-CV-194, 2011 WL 320189, at *2 (S.D. Ohio Jan. 28, 2011). In this case, however, cross-examining Plaintiff regarding her purported dishonesty would necessarily involve a discussion of disciplinary investigations and disciplinary proceedings since -- as the Court understands the issue from the parties' briefing -- Plaintiff's allegedly untruthful

statements were made in the course of such disciplinary proceedings and investigation. Plaintiff would suffer significant prejudice should evidence of disciplinary proceedings and her termination be admitted at trial, and such unfair prejudice significantly outweighs the slight probative value such evidence presents. *Accord* Fed. R. Evid. 403.

Accordingly, Plaintiff's motion (doc. 54) in this regard is **GRANTED** and Defendant is precluded from introducing evidence of disciplinary investigations and disciplinary actions concerning Plaintiff, including Plaintiff's termination from employment. This preliminary finding may change depending upon the circumstances presented during trial.

### 2. Discrimination Charges, Grievance, and Settlement

As set forth above, following Plaintiff's termination, she filed charges of discrimination against Defendant with the OCRC and EEOC, as well as a grievance with her union. The parties represent that they ultimately settled the dispute concerning the discrimination charges and the grievance. Doc. 54 at PageID 1575. It is not clear why these proceedings are relevant to the FLSA claims at issue in this case, other than Defendant's suggestion that Plaintiff made false statements during these proceedings that Defendant should be permitted to inquire about on cross-examination of Plaintiff under Fed. R. Evid. 608(b). Doc. 63 at PageID 1820. For the reasons set forth above, Plaintiff's motion is **GRANTED** in this regard.

### 3. Nero's Medical Bills

Plaintiff argues that evidence concerning Defendant's payment of Nero's medical bills, following Plaintiff's termination from employment, is not relevant to the issues presented. Doc. 54 at PageID 1575. Plaintiff fails to develop her argument in this regard beyond a conclusory contention. *Id*. Accordingly, Plaintiff's motion in this regard is **DENIED** at this time and subject to further objection at trial.

### 4. The Death of Sheriff Cox

Finally, Plaintiff argues that the fact of Sheriff Cox's death should be excluded at trial because such fact may evoke sympathy for Defendant. Absent further development of this argument by Plaintiff, the undersigned cannot find -- at this time -- that the fact of Sheriff Cox's death is excludable under Evidence Rule 403. Thus, Plaintiff's motion concerning evidence of Sheriff Cox's death is **DENIED**.

### D. Deposition Testimony of Sheriff Cox

Defendant seeks an Order preventing Plaintiff from presenting the deposition testimony of Sheriff Cox at trial[3] because, despite seeking testimony from him in his capacity as a representative of the Sheriff's Office, Plaintiff did not notice the deposition under Fed. R. Civ. P. 30(b)(6). Doc. 56. Defendant suggests that, whenever a party seeks testimony of an individual in their role as a representative of an organization, such deposition must be noticed pursuant to the specific terms of Fed. R. Civ. P. 30(b)(6), and that Defendant is the proper party to choose the deponent speaking on its behalf. Doc. 56 at PageID 1596-99.

The Court notes that, upon its review of the record in this case, Defendant never sought a protective order regarding Sheriff Cox's deposition when it was initially noticed. Nevertheless, from the undersigned's perspective, nothing in Rule 30(b)(6) prevents a party from noticing a specific individual within an organization for deposition under Rule 30(b)(1) instead of Rule 30(b)(6). *See Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, 298 F.R.D. 633, 640 (S.D. Cal. 2014) (holding that plaintiff was "not limited to taking deposition testimony of an organization under Rule 30(b)(6)").

In fact, Rule 30(b)(6), by its very terms, states that its provisions do "not preclude a deposition by any other procedure allowed by these rules." *See* Fed. R. Civ. P. 30(b)(6). The

---

[3] Pursuant to Fed. R. Civ. P. 32(a)(4)(A), at trial, "[a] party may use for any purpose of the deposition of a witness, whether or not a party, if the court finds . . . that the witness is dead[.]"

Advisory Notes accompanying Rule 30 further state that subdivision (b)(6) is a "supplement" and "an added facility for discovery." Fed. R. Civ. P. 30 Advisory Notes. Thus, even after the addition of subdivision (b)(6) to Rule 30:

> A party may still name a particular person to testify on behalf of the organization by noticing the deposition under Rule 30(b)(1) . . . Rule 30(b)(6) simply gives a party seeking discovery from an organization or government agency the choice either to designate an appropriate individual under Rule 30(b)(1), or to describe the subject matter of the questions to be asked and allow the deponent to designate its own spokesperson familiar with the subject matter.

*Myhre*, 298 F.R.D. at 640 (citation omitted). Accordingly, Defendant's contention in this regard has no merit and is **DENIED**.

Defendant further seeks to preclude the use of certain deposition testimony from Sheriff Cox wherein Plaintiff's counsel elicited testimony seeking legal conclusions. Doc. 56 at PageID 1599-1601. The undersigned **GRANTS** Defendant's motion as it relates to testimony on page 27, lines 8 through 12. *See* doc. 33-3 at PageID 350. Defendant's motion is **DENIED** in all other respects.

### E.     Evidence of Overtime Hours

Defendant argues that Plaintiff should be precluded from arguing that she is entitled to overtime on any basis other than that set forth in 29 U.S.C. § 207(k) -- *i.e.*, that she is entitled to overtime on any basis other than having worked more than 171 hours during the 28 day work period it established. Doc. 57 at PageID 1608. Defendant further argues that Plaintiff should be precluded from testifying regarding her estimated hours worked because such estimate is based on a 40-hour work week rather than a 28 day work period. *Id.*

As previously noted by the Court, § 207(a) of the FLSA requires employers to pay overtime to employees who work more than 40 hours per week. *See* 29 U.S.C. § 207(a). Section 207(k), however, contains a partial exemption from the overtime provisions of § 207(a), in that

public agencies, such as Defendant, may establish a "work period" that lasts from seven to twenty-eight days for employees engaged in law enforcement or fire protection activities. *See* 29 U.S.C. § 207(k). Where § 207(k) applies, only employees who work more than 171 hours in a 28 day work period are entitled to overtime pay for hours worked over 171.[4] 29 U.S.C. § 207(k)(1); 29 C.F.R. §§ 553.201(a), 553.230; *Franklin v. City of Kettering*, 246 F.3d 531, 533-34 (6th Cir. 2001).

The burden is on the employer to prove it has adopted a § 207(k) exemption. *See Corning Glass Works v. Brennan,* 417 U.S. 188, 196-97 (1974). To meet this burden, the employer must demonstrate that "it established a [§ 207(k)] work period and that the [§ 207(k)] work period was 'regularly recurring.'" *Flores v. City of San Gabriel*, 824 F.3d 890, 903 (9th Cir. 2016). An employer can meet its burden of demonstrating adoption of the § 207(k) "exemption when it specified the work period in [a] CBA and when it actually followed this period in practice." *See Adair v. City of Kirkland*, 185 F.3d 1055, 1061 (9th Cir. 1999). "Whether the employer has proved that he [or she] has adopted a 7(k) work period is a question for the jury." *Birdwell v. City of Gadsden, Ala.*, 970 F.2d 802, 805 (11th Cir. 1992).

While it appears that Defendant adopted a § 207(k) exemption by virtue of the language of the CBA governing Plaintiff's employment, *see* doc. 34-4 at PageID 445, it is ultimately

---

[4] The collective bargaining agreement ("CBA") between Plaintiff's union and Defendant states, unambiguously, that "[t]he parties agree that in cases of Department of Labor complaints, Title 29 U.S.C. Section 207(k) shall be utilized for purpose of determining the Employer's compliance with the Fair Labor Standards Act (FLSA)." Doc. 34-4 at PageID 445. In addition, the CBA states that "[t]he normal work schedule shall consist of no more than one hundred and sixty-one and one-half (161 1/2) hours in a twenty-eight (28) day work period." Doc. 34-4 at PageID 445. Although the terms of the CBA in this case are more generous to officers than the terms of the FLSA, "the 'work period' established under the FLSA is [not] limited in any way by the terms of" a CBA. *See Franklin v. City of Kettering, Ohio*, 246 F.3d 531, 536 (6th Cir. 2001); *Siegmund v. Cty. of Orange*, 461 F. App'x 639, 641 (9th Cir. 2011). Instead, extra overtime compensation paid under the terms of a CBA over and above the compensation required by the FLSA "is credited toward any overtime compensation" due under the FLSA. 29 U.S.C. § 207(h); *see also Franklin*, 246 F.3d at 536. In this case, Plaintiff's complaint is limited to overtime compensation due under the FLSA, and she makes no claim for over compensation allegedly owed under the terms of the CBA. Thus, if § 207(k) applies in this case, the question for determination at trial is whether Plaintiff worked over 171 hours during a 28 day work period and, if so, whether she was paid overtime for those hours as required by the FLSA.

within the jury's province to determine whether or not Defendant adopted the § 207(k) exemption and subsequently followed such work period in practice. Based on the foregoing, Plaintiff is not precluded from evidencing overtime owed under a 40-hour work week theory; instead, Defendant bears the burden of proving and convincing the jury that it properly utilized the exemption permitted in § 207(k).

Thus, Defendant's motion *in limine* (doc. 57) concerning evidence of Plaintiff's alleged overtime work is **DENIED**.

### F. Conclusion

Based upon all of the foregoing, the Court:

(1) **DENIES** Plaintiff's second motion to amend and/or correct the case caption (doc. 53);

(2) **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion *in limine* (doc. 54);

(3) **GRANTS IN LIMITED PART AND OTHERWISE DENIES** Defendant's motion *in limine* to exclude the deposition of Sheriff Cox (doc. 56); and

(4) **DENIES** Defendant's motion *in limine* to exclude information as it relates to Plaintiff's entitlement to overtime based upon a 40-hour work week.

**IT IS SO ORDERED.**

Date:   September 29, 2017             s/ Michael J. Newman
                                       Michael J. Newman
                                       United States Magistrate Judge