UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TINA WAYMIRE,

    Plaintiff,

vs.

MIAMI COUNTY SHERIFF'S OFFICE,

    Defendant.

Case No. 3:15-cv-159

Magistrate Judge Michael J. Newman
(Consent Case)

### DECISION AND ENTRY GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CANINES FROM THE COURTROOM (DOC. 67)

This civil case is before the Court on Defendant's motion *in limine* to exclude police canines from the courtroom. Doc. 67. Plaintiff filed a memorandum in opposition. Doc. 71. Defendant filed a reply. Doc. 74. The Court has carefully considered all of the foregoing, and Defendant's motion *in limine* is ripe for decision.

Defendant seeks an Order preventing Plaintiff from having a police canine present as a demonstrative during the testimony of witnesses at trial. Doc. 67 at 1838-39. Plaintiff seeks to use a police canine as a demonstrative to prove that they are highly trained animals requiring detailed care beyond that required of a traditional pet dog. However, Plaintiff does not specify how she intends to demonstrate such with the mere presence of the police canine in the courtroom, and many of the off-duty tasks required of officers in caring for police dogs -- as outlined in the briefing on summary judgment[1] -- are not amenable to demonstration within the confines of the courtroom. Instead, the specific testimony from officers detailing such tasks will likely be much more probative of the issues Plaintiff seeks to prove.

---

[1] Plaintiff stated that particular off-duty tasks "included work consisting of feeding, watering, waiting to avoid stomach torsion, breaking, grooming, training, exercising, bathing, attending veterinary visits, and general care." *See* doc. 36 at PageID 836-37.

Thus, although Plaintiff's proposed use of a police canine as a demonstrative may be relevant, the undersigned concludes that the danger of unfair prejudice, confusion the issues, undue delay, and the needless presentation of cumulative evidence substantially outweighs the probative value of that evidence. *See* Fed. R. Evid. 403. Accordingly, the undersigned **GRANTS** Defendant's motion *in limine* (doc. 67) at this time, but is open to reconsideration at trial based upon the presentation of evidence.

**IT IS SO ORDERED.**

Date: October 6, 2017     s/ Michael J. Newman
　　　　　　　　　　　　　　　　　　Michael J. Newman
　　　　　　　　　　　　　　　　　　United States Magistrate Judge