UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TINA WAYMIRE,

    Plaintiff,                                    Case No. 3:15-cv-159

vs.

MIAMI COUNTY SHERIFF'S OFFICE,       Magistrate Judge Michael J. Newman
                                                           (Consent Case)

    Defendant.

**ORDER**

        This civil consent case is before the Court on several motions filed by the parties as well as other issues for which the parties seek clarification.  The Court will address these in turn.

        1.         Plaintiff moved for the Court to set a status conference (doc. 78), which the Court held on October 12, 2012.  Attorneys Jason Bristol, Jason Matthews, Paul Bernhart and Frank Hatfield participated.  The Court sets this case for a follow-up status conference on October 13, 2017 at 4:00 p.m.  In light of the foregoing, Plaintiff's motion (doc. 78) is **GRANTED** *nunc pro tunc*.

        2.         Both parties move for leave to file amended proposed jury instructions and verdict forms.  Docs. 77, 83.  For good cause shown, the parties' motions for leave are **GRANTED,** and the proposed jury instructions and verdict forms are deemed filed as of the date the parties filed their motions.

        3.         Upon the agreement of counsel, the jurors will be permitted to take notes and will be instructed regarding notetaking accordingly.

        4.         Upon the agreement of counsel, exhibits admitted at trial will be available to the jurors during deliberations.  However, it is the responsibility of counsel to examine the exhibits

to be made available to ensure that all such exhibits are included and that no exhibits not admitted into evidence are included.

5. The Court will read any admissions to the jurors at the commencement of Plaintiff's case-in-chief, unless counsel for the parties mutually agree to another procedure.

6. Defendant moves to bifurcate trial on the issues of liability and damages.[1] Doc. 82. In this case, Defendant's request for bifurcation is made just days before the start of trial, after the parties have already engaged in significant trial preparation -- including the submission of numerous documents to the Court as proposed exhibits. Under the circumstances, the Court **DENIES** Defendant's late request to bifurcate liability and damages.

7. From the Court's perspective, the applicability of the partial exemption under 29 U.S.C. § 207(k) has not been determined conclusively in this case. While the Court has concluded that Defendant adopted the § 207(k) exemption by virtue of the language of the CBA governing Plaintiff's employment, *see* doc. 34-4 at PageID 445, the issue of whether Defendant followed such work period in practice was not evidenced on summary judgment and, therefore, remains undecided and is an issue for resolution for the jury.

8. Plaintiff proposes to present evidence and elicit testimony in her case-in-chief concerning her damages based upon a 40-hour workweek and, if Defendant meets its burden of evidencing the applicability of § 207(k) during its case-in-chief, to present rebuttal evidence

---

[1] Bifurcation of issues for trial is governed by the Federal Rules of Civil Procedure, which state that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "The piecemeal trial of separate issues in a single lawsuit is not the usual course." *Thomas & Marker Const., Co. v. Wal-Mart Stores, Inc.*, No. 3:06-cv-406, 2008 WL 5054706, * 1 (S.D. Ohio 2008) (citation omitted). Thus, "[b]ifurcation is the exception to the general rule that disputes should be resolved in a single proceeding." *Advance Sign Group, LLC v. Optec Displays, Inc.*, No. 2:07–cv–380, 2009 WL 1045900, * 1 (S.D. Ohio Apr.20, 2009) (citation omitted). Nevertheless, "[b]ifurcation of proceedings into separate trials concerning liability and damages is appropriate when 'the evidence pertinent to the two issues is wholly unrelated' and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination." *Helminski v. Ayerst Laboratories*, 766 F.2d 208, 212 (6th Cir.1985) (citation omitted).

regarding Plaintiff's damages based upon applicability of the § 207(k) partial exemption. Plaintiff seeks guidance from the Court as to whether such proposal is acceptable. Assuming the Court could provide such guidance to counsel without improperly offering legal advice, the undersigned concludes that it lacks sufficient information regarding the evidence to be elicited at trial to determine at this time whether such proposal is adequate, proper, or acceptable.

9. Issues concerning liquidated damages, attorney's fees and costs will be addressed at a time to be determined following trial, if necessary and appropriate.

10. The parties request that the Court resolve an issue of law prior to the commencement of trial; specifically, the burden of proving the reasonableness of agreements between the parties relating to compensation or other benefits provided to canine handlers under 29 C.F.R. § 785.23.[2] The majority of courts considering the burden of proof regarding agreements under 29 C.F.R. § 785.23 have held that the party seeking the benefit of such an agreement bears the burden of "proving, 'plainly and unmistakably,' that (1) there was an agreement to compensate [the employee] for her overtime work caring for [canine officer], and (2) [that] the agreement was 'reasonable,' having taken into account 'all of the pertinent facts.'" *Leever v. Carson City*, 360 F.3d 1014, 1018 (9th Cir. 2004) (citation omitted).[3] The Sixth Circuit, however, has suggested that an employee bears the burden of showing that an agreement under 29 C.F.R. § 785.23 is unreasonable. *Brock v. City of Cincinnati*, 236 F.3d 793, 807 (6th

---

[2] As stated by the Sixth Circuit, where a "precisely accurate computation of the amount of time expended in 'work' is difficult or impossible, reasonable provisions of a contract or custom may govern the computation of work hours." *Brock v. City of Cincinnati*, 236 F.3d 793, 805 (6th Cir. 2001) (citing *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944)); *see also* 29 C.F.R. § 785.23.

[3] *See also Garofolo v. Donald B. Heslep Assocs., Inc.*, 405 F.3d 194, 200 (4th Cir. 2005); *Barraza v. Pardo*, No. 12-23868-CIV, 2015 WL 4450069, at *5 (S.D. Fla. July 20, 2015), *aff'd*, No. 15-13660, 2016 WL 4435617 (11th Cir. Mar. 10, 2016); *Diorio v. Vill. of Tinley Park*, No. 11 C 6724, 2012 WL 2681298, at *3 (N.D. Ill. July 6, 2012); *Krause v. Manalapan Twp.*, No. CIV.A. 09-2871 JAP, 2011 WL 4594202, at *3 (D.N.J. Sept. 30, 2011), *aff'd*, 486 F. App'x 310 (3d Cir. 2012); *De Guzman v. Parc Temple LLC*, 537 F. Supp. 2d 1087, 1091 (C.D. Cal. 2008); *Martinez v. Hernando Cty. Sheriff's Office*, No. 812CV00666T27TGW, 2013 WL 12123320, at *2 (M.D. Fla. Apr. 26, 2013).

Cir. 2001); *Krause v. Manalapan Twp.*, 486 F. App'x 310, 313 n.7 (3d Cir. 2012).  Based on the foregoing, the Court concludes that Defendant bears the burden of proving by a preponderance of the evidence the existence, the applicability, and the terms of any agreements to compensate Plaintiff for her off-duty work relating to her handling of Nero.  *See Leever*, 360 F.3d at 1018.  However, pursuant to the authority of the Sixth Circuit -- which is binding upon this Court -- Plaintiff bears the burden of proving the reasonableness of any such agreement.  *See Brock*, 236 F.3d at 807.

    **IT IS SO ORDERED.**


Date:  October 13, 2017                        s/ Michael J. Newman

                                                            Michael J. Newman
                                                            United States Magistrate Judge