IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TINA WAYMIRE | ) | CASE NO. 3:15-CV-00159 |
| | ) | |
| Plaintiff, | ) | JUDGE WALTER H. RICE |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE MICHAEL J. |
| | ) | NEWMAN |
| MIAMI COUNTY SHERIFF'S OFFICE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff Tina Waymire and Defendant Miami County Sherriff's Office respectfully move this Court to approve the Settlement reached by the parties and memorialized in the Settlement Agreement and Mutual Release of Claims ("Settlement"), attached as Exhibit A.  The Settlement seeks to resolve the claims Plaintiff asserted against Defendant under the Fair Labor Standards Act ("FLSA"), and the corresponding Ohio statutes relating to the payment of wages.

The parties respectfully submit that the settlement between Plaintiff and Defendant is fair and reasonable, and satisfies the criteria for approval under § 216(b) of the FLSA.  The Settlement was achieved during negotiations among the parties, conducted by experienced counsel.  If approved by the Court, the Settlement will make a substantial settlement payment to Plaintiff.

The settlement documents submitted for approval by the Court consist of the following:

Exhibit A:   Confidential Settlement Agreement and Mutual Release of Claims provided to Chambers by e-mail.

Exhibit B:   Stipulated Order and Final Judgment

Exhibit C:   Declaration of Jason R. Bristol

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

## I.     THE ACTION

On May 1, 2015, Plaintiff initiated this action against Defendant under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  [Dkt. #1].  In her Complaint, Plaintiff claims that Defendant violated the FLSA by failing to pay her overtime for all hours worked over 40 in a workweek.

## II.    THE NEGOTIATIONS

Prior to initiating the immediate action, Plaintiff sent a detailed pre-suit settlement demand to Defendant on March 4, 2015, outlining her allegations of unpaid wages.  Defendant "rejected" the demand on April 17, 2015, which necessitated the filing of this lawsuit. Settlement negotiations did not resume again until the parties attended a mediation conference with Magistrate Judge Ovington on June 22, 2017.  The parties reached an impasse shortly after the mediation began, and no further settlement discussion occurred until the eve of trial.  The parties resolved the matter during the evening of October 15, 2017.

## III.   THE SETTLEMENT TERMS

If approved by the Court, the Settlement will forever resolve all issues between Plaintiff and Defendant. The Total Settlement Payment of Fifty Thousand Dollars ($50,000), less applicable deductions, will be paid to Plaintiff.

In exchange, the Action will be dismissed with prejudice and Plaintiff will execute a Full Waiver and Release that will release Defendant from any and all claims, causes of action, charges, suits, contracts, promises, or demands of any kind, which she may now have, whether known or unknown, intentional or otherwise, from the beginning of time to the Effective Date of the Agreement.  In addition, Defendant will release Plaintiff from any and all claims, causes of action, and liabilities of any kind, known or unknown, regardless of their kind, arising from the beginning of time to the Effective Date of the Agreement.

### IV. THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA.  As shown in the Declaration of Jason R. Bristol attached as Exhibit C, and as explained below, Court approval is warranted on all scores.

#### A. The FLSA fairness test.

The court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness."  *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

#### B. The Settlement is a fair resolution of a bone fide dispute.

The payment to Plaintiff is fair, reasonable, and adequate given that there exists bona fide disputes between the parties, including whether Plaintiff is entitled to her claimed overtime compensation.  The range of possible recovery is open to dispute.  Particularly, a significant dispute exists over whether Plaintiff worked the hours she claims to have worked and whether

that work was primarily for Defendant's benefit.  In addition, the Parties dispute whether the statute of limitations should be two or three years and whether the Defendant is liable for liquidated damages.

The settlement payment to be made to Plaintiff represents more than 100% of her recoverable wages, before deduction of attorneys' fees, assuming a three-year statute of limitation applies and the total time Plaintiff alleges to have worked for Defendant is accurate. Accordingly, the settlement proceeds are fair, reasonable and adequate given the fact that Defendant disputes liability of any kind and that Plaintiff's recovery in this settlement exceeds the amount of compensation she would have been entitled to had Defendant paid for the time she alleged she worked in her Complaint.

## V. CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment attached as Exhibit B.

|  | Respectfully submitted, |
|---|---|
| **COHEN ROSENTHAL & KRAMER LLP** | **FISHEL HASS KIM ALBRECHT DOWNEY LLP** |
| /s/ Jason R. Bristol | /s/ Frank D. Hatfield |
| Jason R. Bristol (0072989) | Frank D. Hatfield (0082035) |
| jbristol@crklaw.com | Paul M. Bernhart (0079543) |
| Joshua B. Fuchs (0087066) | 7775 Walton Parkway |
| jfuchs@crklaw.com | New Albany, Ohio 43054 |
| The Hoyt Block Building – Suite 400 | (614) 221-1216 - Telephone |
| 700 West St. Clair Avenue | (614) 221-8769 - Facsimile |
| Cleveland, Ohio 44113 | fhatfield@fishelhass.com |
| 216-781-7956 [Telephone] | pbernhart@fishelhass.com |
| 216-781-8061 [Facsimile] | |
| Jason P. Matthews - #0073144 | Counsel for Defendant |
| Jason P. Matthews, LLC | |
| 130 West Second Street | |
| Suite 924 | |
| Dayton, OH 45402 | |
| (937) 608-4368 | |

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

/s/ Jason R. Bristol